**Boyko v. Litzy's Lounge, Inc.**

*Christopher P. Caputo,* for plaintiff
*Edward Neyhart,* for defendant
*Michael J. Dempsey* and *M. Scott Gemberling,* for defendant Robin Shusser d/b/a Litzy's Lounge, Inc.

NEALON, *J.,* July 5, 2013—On July 1, 2013, plaintiff, Kelly Boyko ("Boyko"), filed a motion in limine seeking to preclude the expert testimony of Lawrence Guzzardi, M.D. ("Dr. Guzzardi") during the trial commencing on July 8, 2013. (Docket entry no. 57). Defendant, Michelle Murphy ("Murphy") filed a brief in opposition to Boyko's motion on July 3, 2013. (*Id.* at No. 58). Boyko's motion is now ripe for disposition.

Boyko instituted this action on August 13, 2009, seeking to recover damages for injuries that she suffered on February 16, 2009, when she was allegedly struck by a vehicle that was operated by Murphy in the parking lot of defendant, Litzy's Lounge, Inc. Boyko maintains that Murphy was driving her vehicle while intoxicated, and asserted a dram shop claim against Litzy's Lounge, Inc., in addition to her motor vehicle liability claim against Murphy. (Docket entry no. 1). On May 14, 2012, Boyko filed a motion seeking the issuance of a scheduling order

containing discovery deadlines, and on that date, an order was entered requiring, inter alia, the production of defendants' expert reports by August 31, 2012. (Docket entry no. 40). Neither defendant produced an expert report on or before August 31, 2012.

On January 14, 2013, Boyko filed a Certificate of Readiness, without objection by the defense, and attested that all discovery was complete and that this matter was ready for trial in all respects. (Docket entry no. 47). By notice dated February 1, 2013, the court Administrator assigned this case to the undersigned and scheduled a status conference for March 13, 2013. On that date, an order was issued scheduling this matter for trial on Monday, July 8, 2013. (Docket entry no. 48).

Boyko entered into a settlement with Litzy's Lounge, Inc. on August 27, 2012, and executed a joint tortfeasor release with that defendant. (Docket entry no. 59 at ¶56). In addition, Boyko and Murphy have entered into an agreement to litigate this case on the issue of liability only, with the stipulation that Murphy's insurer will tender its policy limits if the jury (1) finds that Boyko's comparative negligence, if any, does not exceed 50% and (2) apportions any percentage of causal negligence to Murphy. (See joint pre-trial order at ¶6). By order dated March 13, 2013, the parties and their counsel were attached for trial commencing on July 8, 2013. (Docket entry no. 48 at ¶1).

On June 27, 2013, Dr. Guzzardi forwarded a report to counsel for Murphy setting forth his opinions that "Boyko's injuries are consistent with a fall to the right while intoxicated." (See letter from Lawrence Guzzardi,

M.D., to Edward Neyhart, Esquire, dated 6/27/13 at p. 6). In his report, Dr. Guzzardi states that the serum level of alcohol present in Boyko's system would indicate a "loss of coordination and balance, loss of inhibitions and judgment, loss of peripheral and night vision, loss of depth perception, loss of protective reflexes and slowed reaction times and potentially loss of memory." (*Id.*). Dr. Guzzardi opines that "these impairments are likely causative factors in Ms. Boyko's injuries both in causation and severity," and estimates "that Ms. Boyko consumed the equivalent of about twelve bottles of Budweiser beer each of twelve ounces on February 15, 2009." (*Id.*). Counsel for Murphy forwarded Dr. Guzzardi's report to Boyko's counsel via facsimile transmission on June 28, 2013, thereby precipitating the instant motion in limine. (See correspondence from Edward S. Neyhart, Esquire, to Christopher P. Caputo, Esquire, dated 6/28/13).

Pennsylvania Rule of Civil Procedure 4003.5 governs the discovery of expert witness information and permits a party to request and receive an expert report or verified interrogatory answer setting forth the substance of the facts and opinions to which the expert will testify, as well as a summary of the grounds for each opinion. See Pa.R.C.P. 4003.5(a)(1). Rule 4003.5(b) states that "[a]n expert witness whose identity is not disclosed in compliance with subdivision (a)(1) of this rule shall not be permitted to testify on behalf of the defaulting party at the trial of the action," unless "the failure to disclose the identity of the witness is the result of extenuating circumstances beyond the control of the defaulting party," in which event "the court may grant a continuance or other appropriate relief."

Pa.R.C.P. 4003.5(b). Rule 4019(i) similarly provides that absent comparable extenuating circumstances, "[a] witness whose identity has not been revealed as provided in this chapter shall not be permitted to testify on behalf of the defaulting party at the trial of the action." Pa.R.C.P. 4019(i).

"Exclusion of expert witness testimony for failure to comply with discovery deadlines is largely within the discretion of the trial court." *Williams v. SEPTA*, 741 A.2d 848, 855 (Pa. Cmwlth. 1999), *app. denied*, 563 Pa. 680, 759 A.2d 925 (2000). The factors to be considered in determining whether to exclude an expert's testimony are: (1) the prejudice or surprise in fact to the party against whom the witness will testify; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the exclusionary rule would disrupt the orderly and efficient trial of the case or other cases; and (4) the bad faith or willfulness on the party of the defaulting party. *City of Philadelphia v. Fraternal order of Police Lodge No. 5 (Breary)*, 604 Pa. 267, 285-286, 985 A.2d 1259, 1270 (2009) (quoting *Feingold v. SEPTA*, 512 Pa. 567, 574, 517 A.2d 1270, 1273 (1986)).

Boyko submits that prior to June 28, 2013, Murphy did not produce an expert report from Dr. Guzzardi even though his expert report was required to be produced by no later than August 31, 2012. Boyko maintains that she is unable to cure the prejudice resulting from Murphy's violation of the discovery deadlines since a rebuttal expert could not be retained and prepared to testify at this late stage of the proceedings. (Docket entry no. 57 at ¶¶6-8). Boyko has agreed in writing to "stipulate to the fact that Kelly Boyko

was intoxicated at the time that she was treated at the emergency room" for her injuries on February 16, 2009, (joint pre-trial order at ¶9), but objects to any proffered opinion testimony by Dr. Gfuzzardi regarding Boyko's alleged serum level of alcohol, its effects upon her, her purported consumption of 144 ounces of Budweiser beer, and the cause of her injuries allegedly being "a fall to the right while intoxicated."

Murphy concedes that she did not produce Dr. Guzzardi's report until ten calendar days prior to trial, but notes that Dr. Guzzardi previously testified on behalf of Murphy in her Luzerne County criminal prosecution that was tried in March 2010. (Docket entry no. 58 at pp. 1-2). Murphy states that she assumed that Boyko's "counsel was aware of the witnesses who were called in the criminal case" and "was also under the impression that [Boyko's] counsel was familiar with the testimony provided during the criminal trial." (*Id.* at p. 2). Murphy contends that Boyko will not be prejudiced by the introduction of Dr. Guzzardi's testimony inasmuch as her counsel has now been provided with a copy of Dr. Guzzardi's testimony during the criminal trial. (*Id.* at pp. 4-5).

"We may overlook a party's failure to properly disclose the identity of a witness where there was no bad faith, where there was substantial compliance with the rule's requirements, and where there was no prejudice or surprise." *Daddona v. Thind*, 891 A.2d 786, 812 n. 8 (Pa. Cmwlth. 2006), *app. denied*, 589 Pa. 732, 909 A.2d 306 (2006). Murphy's failure to timely produce the expert report of Dr. Guzzardi appears to be the product of oversight, rather than bad faith or willfulness. However,

she has not identified any "extenuating circumstances" which caused the non-compliance to be "beyond the control of the defaulting party." Moreover, the prejudice resulting from the untimely production of Dr. Guzzardi's expert report on the eve of trial is undeniable and could not be cured by Boyko in the ensuing four business days (i.e., 7/1/13, 7/2/13/, 7/3/13 and 7/5/13) prior to the start of trial on July 8, 2013. Additionally, a continuance of this liability trial with its accompanying stipulation will disrupt the orderly and efficient trial and conclusion of this case. For all these reasons, Boyko's motion in limine will be granted and Dr. Lawrence Guzzardi will be precluded from testifying at trial.

And now, this 5th day of July, 2013, upon consideration of "plaintiff's motion in limine to Preclude Expert Testimony of Dr. Guzzardi," and the memoranda of law submitted by the parties, and based upon the reasoning set forth above, it is hereby ordered and decreed that "plaintiff's motion in limine to preclude expert testimony of Dr. Guzzardi" is granted.